IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JONES BROTHERS ROOFING     )
COMPANY, INC. and          )
ONESIMO GOMEZ,             )
                           )
     Plaintiffs,           )
                           )    CIVIL ACTION NO.
     v.                    )    2:13cv900-MHT
                           )        (WO)
LEXINGTON INSURANCE        )
COMPANY, GREAT AMERICAN    )
E & S INSURANCE COMPANY,   )
and GEMINI INSURANCE       )
COMPANY,                   )
                           )
     Defendants.           )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the

citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of plaintiff Onesimo Gomez.  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing parties have until February 28, 2014, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 18th day of February, 2014.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE